UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**KATHLEEN TINDALL,**

    **Plaintiff,**

vs.                                                            Case No.3:08-cv-668-J-16HTS

**TREE OF LIFE, INC. and**
**AETNA INSURANCE COMPANY,**

    **Defendants.**

_____/

## ORDER

Before the Court is a Motion for Summary Judgment (the "Motion for Summary Judgment," Dkt. 13) filed by the Defendant, Tree of Life, Inc. ("Tree of Life") alleging several grounds. Plaintiff, Kathleen Tindall opposes the Motion (the "Response," Dkt. 14). For the reasons that follow, the Motion for Summary Judgment (Dkt. 13) will be **DENIED without prejudice**.

**I.**     **Preliminary Matter**

Prior to addressing the merits of the Motion for Summary Judgment, the Court raises a preliminary matter *sua sponte*. Plaintiff is represented by Mr. J.C. Floyd ("Mr. Floyd"). On December 23, 2008, the Florida Supreme Court suspended Mr. Floyd from the practice of law until further notice (the "suspension order").[1] The suspension order allowed Mr. Floyd thirty (30) days to cease his representation of current clients (the "grace period") and required Mr. Floyd to "immediately furnish a copy [his] suspension order to all clients, opposing counsel and courts before which he is counsel of record . . ." Mr. Floyd filed the Response to the Summary Judgment on January 6, 2009, during the grace period; however, he failed to file a copy of the suspension order

---

[1] See Supreme Court of Florida, Florida Bar v. Jay Charles Floyd, Case No. SC08-2362, issued on December 23, 2008.

with the Response to the Summary Judgment.

On January 22, 2009, Mr. Floyd filed a Motion to Withdraw as Attorney (the "Withdrawal Motion," Dkt. 16). In the Withdrawal Motion, Mr. Floyd again failed to file a notice of his suspension with the Court. In fact, to date Mr. Floyd has failed to file any such notice with this Court. On January 23, 2009, Magistrate Judge Howard T. Snyder issued an Order (the "January 23 Order") directing Mr. Floyd to file immediately a notice of the suspension order and to provide the Court with Plaintiff's contact information. Magistrate Judge Snyder also noted in the January 23 Order, that Plaintiff is deemed to be proceeding *pro se* until a notice of appearance by a properly admitted counsel is filed with the Court. Mr. Floyd's filing failures mean that he is in direct violation of both the suspension order and the January 23 Order.

An attorney must be admitted to practice in this Court in order to appear or be heard in any fashion in any proceeding before the Court. See Local Rule 2.01(a). Only attorneys who are in good standing with the Florida Bar are eligible for general admission to the bar of the Court. See Local Rule 2.01(b). Based on his suspension, Mr. Floyd is no longer in good standing. When he filed the Response, he violated the Local Rules. However, because the suspension order allowed Mr. Floyd a designated grace period, the Court will not strike the Response to the Summary Judgment (Dkt. 14).

## II.   Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

In determining whether to grant summary judgment, the Court must view the evidence and

2

inferences drawn from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. Augusta Iron & Steel Works, Inc. v. Employers Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988); WSB-TV v. Lee, 842 F.2d 1266, 1270 (11th Cir. 1988). The Eleventh Circuit explained in WSB-TV v. Lee that:

> In deciding whether an inference is reasonable, the Court must "cull the universe of possible inferences from the facts established by weighing each against the abstract standard of reasonableness." [citation omitted]. The opposing party's inferences need not be more probable than those inferences in favor of the movant to create a factual dispute, so long as they reasonably may be drawn from the facts. When more than one inference can be reasonably drawn, it is for the trier of fact to determine the proper one.

Id.

Thus, if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant the summary judgment motion. See Augusta Iron & Steel Works, Inc., 835 F.2d at 856.

### III. Background and Discussion

Plaintiff is a former employee of Tree of Life. As of July 12, 2004, physical disability precluded Plaintiff from continuing her employment with Tree of Life. Plaintiff filed a worker's compensation claim against Tree of Life (the "claim"). Plaintiff settled the claim and executed a "Settlement Agreement and Release," (the "Release") with Tree of Life that reads, in pertinent part, that it:

> is intended to be a complete, entire and final release and waiver of any and all rights to any and all past, present and future benefits that [Plaintiff] is, or may be, entitled to under Chapter 440, Florida Statutes or any successor statutory provision(s) (hereinafter referred to as the Florida Worker's Compensation Law), and any other citations, claims, demands or causes of actions, whatsoever, that the Employee/Claimant may have against the Employer, Tree of Life and the Carrier/Servicing Agent, Travelers Property Casualty Company of America, hereinafter collectively referred to as Employer/Carrier/Servicing

3

> Agent, except any claims that the employee may have for short or long term disability benefits available through the employer sponsored disability insurance program.

The Release further reads that:

> . . . This settlement represents a settlement of any and all claims that may arise out of the injuries and/or occupational disease(s) referenced herein, as well as any other claims or actions that may arise or may have arisen out of [Plaintiff's] entire employment with Tree of Life, except those claims arising out of any long term or short term disability insurance policy.

(Dkt. 13, Ex. 2).

In the Amended Complaint, Plaintiff seeks long-term disability ("LTD") benefits under an ERISA-governed[2] group disability insurance policy (the "LTD Policy") issued by Defendant, Aetna Life Insurance Company ("Aetna") and administered by Tree of Life.[3] Plaintiff further seeks a continuation of "certain other benefits under the Tree of Life Benefit Plan" (the "Other Benefits") based on Plaintiff's alleged disability status. The Other Benefits include Medical Insurance, Dental Insurance, Vision Insurance, Associate Life Insurance, Dependent Life Insurance, Accidental Death and Dismemberment Insurance and Retirement Savings or Pension Plan. See Amended Comp. & 22. Plaintiff claims that if she is found by this Court to be entitled to LTD benefits, then under the terms of the LTD Policy, Tree of Life must also provide her with the Other Benefits.

It is undisputed that Plaintiff's claim for LTD benefits was timely. On March 3, 2006, Aetna advised Plaintiff that her claim for LTD benefits was denied. On June 12, 2006, Plaintiff submitted her appeal of Aetna's adverse benefit determination. On August 3, 2006, Aetna denied Plaintiff's appeal and upheld its decision to deny Plaintiff's claim for LTD benefits.

On January 9, 2007, Plaintiff's representative requested an additional appellate review of

---

[2] ERISA stands for the Employee Retirement Income Security Act of 1974, 29 U.S.C ' 1001 *et seq*.
[3] LTD Policy No. GP-779386, issued on April 9, 2003, with an effective date of January 1, 2003. (Dkt. 12, Ex. 2.)

Plaintiff's LTD benefits claim. On September 25, 2007, Aetna overturned its previous denial of benefits and granted Plaintiff LTD benefits for the 24 month period of disability under the LTD Policy,[4] but Aetna also advised at that time that it was upholding its previous denial of benefits for any dates after January 7, 2007.

Plaintiff acknowledges that Aetna issued payment to Plaintiff for the time period from January 8, 2005 through January 7, 2007, but claims that the amount paid was less than the actual amount owed to Plaintiff under the LTD Policy. Plaintiff further claims that Aetna's initial adverse benefit determination has resulted in the termination of the Other Benefits.

In the Amended Complaint Plaintiff contends that her claim for LTD benefits was wrongfully denied in violation of the terms of the LTD Policy. Plaintiff seeks a declaration from the Court that:

1) allows Plaintiff to receive LTD benefits and the Other Benefits that should have continued with an initial favorable determination of disability under the LTD Policy;
2) allows Plaintiff to receive additional payment from Defendants for the first 24 months of payments under the LTD Policy;
3) clarifies Plaintiff's rights and Defendants' obligations under the terms of the LTD Policy.

Tree of Life claims that summary judgment is appropriate because Plaintiff has failed to allege sufficient facts which would justify a determination that Tree of Life is liable for LTD benefits. Tree of Life further claims that it is not a proper party because Aetna exercised decisional control over Plaintiff's LTD benefits and was responsible for paying Plaintiff such benefits under the LTD Policy. Finally, Tree of Life claims that the Release bars Plaintiff from receiving the Other Benefits.

Plaintiff argues that in order to avoid "piece-meal" litigation, Tree of Life is a proper party

---

[4] Under the terms of the LTD Policy, benefits are payable for 24 months if the claimant is not able to perform the material duties of their own occupation because of disease or injury (Dkt. 7, ¶9.)

5

to this action. Plaintiff claims that a favorable decision from the Court about Plaintiff's LTD benefits claim would trigger the continuation of the Other Benefits. As Plaintiff's former employer, Tree of Life would have to provide the Other Benefits. Plaintiff argues that the Release does not preclude Plaintiff from receiving the Other Benefits, and in fact, makes clear that Plaintiff preserved her claim to the Other Benefits.

The Amended Complaint makes clear that Aetna, and not Tree of Life, is responsible for rendering benefits determinations and making benefits payments pursuant to the LTD Policy. Case law makes clear that in an action for benefits under an ERISA-governed LTD Policy, the proper party is the one controlling the administration of the plan. Garren v. John Hancock Life Insurance Company, 114 F.3d 186,187 (11th Cir. 1997).

What is unclear from the facts presented to the Court is whether Plaintiff's claim for LTD benefits has merit. If Plaintiff is entitled to additional LTD benefits, it is also unclear from the facts presented, whether Plaintiff would also be entitled to the Other Benefits. In order to evaluate the issues raised in the Motion for Summary Judgment, the Court must first make a determination about Plaintiff's entitlement to LTD benefits. The Motion for Summary Judgment fails to raise properly that critical threshold issue. Based on Tree of Life's theory, it is Aetna's responsibility, as the "proper party," to raise and address the threshold issue of Plaintiff's entitlement to LTD Benefits. Once that issue is properly before the Court, the Court can consider the subordinate issues raised in the Motion for Summary Judgment. Therefore, the Court finds that Tree of Life has failed to meet its burden and that genuine issues of fact preclude summary judgment at this juncture.

**IV. Conclusion**

For the reasons set forth above, it is **ORDERED** that the Motion for Summary Judgment (Dkt. 13) is **DENIED** without prejudice. It is further **ORDERED** that the Clerk shall provide Mr.

Floyd with a copy of this Order and the January 23 Order (Dkt. 18), so that he can comply with their directives. Failure to comply within eleven (11) days from the date of this Order, shall result in immediate sanctions.

**DONE** and **ORDERED** in Chambers in Jacksonville on this 30th day of April 2009.

JOHN H. MOORE II
United States District Judge

Copies to: Counsel of Record